UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN RAMIREZ,

        Plaintiff,

-against-

OFFICER/SOCIAL SECURITY ADMIN.
OFFICER SOSA; UNITED STATES OF
AMERICA; UNKNOWN/NA,

        Defendants.

1:23-CV-1497 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    By order dated May 5, 2023, the Court granted Plaintiff, who proceeds *pro se*, 60 days' leave to file an amended complaint. (ECF 4.)

    In his original complaint, Plaintiff asserted claims against Defendant Sosa, whom the Court understood to be either a federal security officer or a private security officer assigned to a Social Security office; the Social Security Administration ("SSA"); and the United States of America. Plaintiff alleged that Sosa and other security officers assaulted him while he was visiting an unspecified Social Security office. The Court understood Plaintiff's original complaint as seeking only damages.

    The Court dismissed Plaintiff's claims against Sosa, in his official capacity as a federal security officer, and against the SSA, under the doctrine of sovereign immunity, and for lack of subject matter jurisdiction. (*Id.* at 5.) The Court also dismissed Plaintiff's claims against the United States of America arising from any defamation (which includes libel and slander) for the same reasons. (*Id.* at 5-6.) The Court, however, granted Plaintiff leave to file an amended complaint to allege facts showing that, before Plaintiff brought this action, he exhausted the

administrative remedies as to his remaining claims for damages against the United States of America under the Federal Tort Claims Act ("FTCA"). (*Id.* at 6.)

The Court also granted Plaintiff leave to file an amended complaint "in which he alleges facts that clearly show that, at the time of Sosa's alleged assault, arrest, and/or detention of Plaintiff, Sosa was either employed as a federal security officer or as a private security officer." (*Id.* at 7.)

The Court warned Plaintiff that, if he failed to file an amended complaint within the time allowed, and failed to show good cause to excuse such failure, the Court would dismiss this action for the following reasons: the Court would dismiss Plaintiff's claims under federal law against the United States of America, the SSA, and against Sosa, in his official capacity as a federal officer, under the doctrine of sovereign immunity, and consequently, for lack of subject matter jurisdiction; the Court would dismiss any claims under federal law against Sosa, in his individual capacity, for failure to state a claim on which relief may be granted; and the Court would decline to consider, under its supplemental jurisdiction, any claims under state law that Plaintiff may be attempting to assert. (*Id.* at 9-10.)

On June 27, 2023, Plaintiff filed an amended complaint in which he appears to name as defendants the SSA, Sosa, the United States of America and, perhaps, other unidentified individuals like Sosa who were allegedly employed as security officers at a Social Security office. (ECF 5.) He asserts that these defendants violated his constitutional rights. (*Id.* at 2.) Plaintiff seeks damages, a "lift[ing] [of] violations from [the] State and [to be] allow[ed] access to [an SSA] [b]uilding," "appointment" as the next President of the United States, and "cancelation" of Sosa's citizenry. (*Id.* at 6.) Plaintiff alleges in his amended complaint that, on February 10, 2023, at a Social Security office located at 820 Concourse Village West in the

Bronx, New York, Sosa, a security officer there, as well as other security officers, attacked and beat him and barred him from that office. (*See id.* at 4-6.) Although the allegations in the amended complaint are similar to those in the original complaint, where the Court understood Plaintiff's original complaint as seeking only damages, the amended complaint seems to seek both damages and injunctive relief.

Plaintiff's amended complaint, however, does not provide the information that the Court, in its May 5, 2023, order, directed Plaintiff to provide. Plaintiff's claims in the amended complaint are similar to the ones he raised in his original complaint, and he still does not provide facts that clearly show that, before he brought this action, he exhausted the administrative remedies as to his remaining claims for damages against the United States of America under the FTCA or that, at the time of the alleged assault, arrest, and detention of Plaintiff, Sosa and the other security officers were either employed as federal security officers or as private security officers. As a result, the amended complaint suffers from the same deficiencies as the original complaint. Accordingly, for the reasons discussed in the Court's May 5, 2023, order, the Court dismisses Plaintiff's claims against the defendants named in the amended complaint.

In addition, to the extent that Plaintiff seeks injunctive relief not pursued in his original complaint,[1] specifically, his request "to lift violations from [the] State and [to be] allow[ed] access to the [SSA] [b]uilding" (*id.* at 6), the Court must dismiss those claims as well. As to his claims arising from "violations from [the] State," Plaintiff does not name any State entity or officer as a defendant or allege any facts concerning "violations" that he has been subjected to by a State; the substance of his claims in both his original and amended complaints appears to

---

[1] The Court will not address Plaintiff's claims for relief in which he seeks to be "appointed" President of the United States and asks the Court to "cancel" Sosa's citizenship, as such claims are frivolous.

concern his experiences during a visit to an office of a federal agency, the SSA, and with respect to security officers employed at that office, and seems to have nothing to do with a State. Thus, the Court dismisses those claims arising from "violations from [the] State," which are raised for the first time in the amended complaint, as improperly joined, *see* Fed. R. Civ. P. 20(a)(2),[2] but without prejudice to Plaintiff's asserting such claims for relief again in a separate civil action against State defendants.

With respect to Plaintiff's claims for relief in which he seeks to be allowed into a Social Security office, apparently, after having been barred from that office, the Court must also dismiss those claims. The Administrative Procedure Act ("APA") is a limited waiver of sovereign immunity allowing for judicial review of a federal agency's final administrative action; it does not allow for damages. *See* 5 U.S.C. §§ 702, 704; *Cnty. of Suffolk v. Sebelius*, 605 F.3d 135, 140-41 (2d Cir. 2010). Under the APA, a plaintiff may ask a federal court to hold that a final federal agency action is unlawful or otherwise incorrect. The court can: (1) "compel agency action unlawfully withheld or unreasonably delayed[,]" and (2) set aside the agency's action, findings, and conclusions if the court finds them to be:

> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (B) contrary to constitutional right, power, privilege, or immunity;
> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
> (D) without observance of procedure required by law;

---

[2] Under Rule 20(a)(2) of the Federal Rules of Civil Procedure:

> [p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the *same transaction, occurrence, or series of transactions or occurrences*; and (B) any question of law or fact *common to all defendants* will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added).

>  (E) unsupported by substantial evidence in a case subject to [5 U.S.C. §§ 556 and 557] or otherwise reviewed on the record of an agency hearing provided by statute; or
>  (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

5 U.S.C. § 706(2). The proper defendant for an APA claim is the United States of America, the agency whose action is being challenged, or the appropriate federal officer. 5 U.S.C. § 703.

To the extent that Plaintiff asserts claims for injunctive relief against the United States of America or the SSA arising from being barred from a Social Security office, he cannot pursue such claims because he alleges no facts showing that he is challenging a final administrative action of any federal agency. Accordingly, the Court dismisses those claims under the doctrine of sovereign immunity and for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), but without prejudice to Plaintiff's asserting them again in a separate civil action in which he alleges facts showing that he is challenging the final administrative action of a federal agency that has caused him to be barred from a Social Security office.

## CONCLUSION

The Court dismisses this action. The Court dismisses Plaintiff's claims under federal law against the United States of America, the SSA, and against Defendant Sosa and any other individual defendant, in their official capacities as federal officers, under the doctrine of sovereign immunity, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and consequently, for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), as well as any claims under federal law against Defendant Sosa and any other individual defendant, in their individual capacities, for failure to state a claim on which relief may be granted, *see* § 1915(e)(2)(B)(ii), and the Court declines to consider, under its supplemental jurisdiction, any claims under state law that Plaintiff may be attempting to assert, *see* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment for this action.

SO ORDERED.

Dated:   August 22, 2023
           New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                  Chief United States District Judge